(R.D. 11350)

ALINTEX, INC. *v.* UNITED STATES

(Decided on rehearing [not published] August 22, 1967)

*Walter E. Doherty, Jr.,* for the plaintiff.
*Carl Eardley,* Acting Assistant Attorney General, for the defendant.

FORD, Judge: The proper value for dutiable purposes of certain acrylic fibers covered by the appeals for a reappraisement enumerated in schedule "A," and "B," attached hereto and made a part of this decision, is before the court for determination.

The parties hereto have entered into a stipulation of facts wherein it has been agreed as follows:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General, counsel for the defendant, subject to the approval of the Court, that the merchandise in the appeals listed on Schedules "A" and "B" attached hereto and made a part hereof, consists of acrylic fibers, and that the same is included in the final list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in § 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress.

It is further stipulated and agreed that said merchandise during the periods of exportation referred to herein was not freely sold or offered for sale in the Country of exportation either for home consumption or for exportation to the United States; and that said merchandise was

appraised under § 402 (a) (e) of the Tariff Act of 1930, as amended, on the basis of United States value, which basis of appraisement is not in dispute.

It is further stipulated and agreed that the United States value found by the Appraiser in the entries covered by the appeals listed on Schedule "A" attached hereto was .6186 cents per pound, net packed.

It is further stipulated and agreed that the United States value found by the appraiser in the entries covered by the appeals listed on Schedule "B" attached hereto was .6773 cents per pound, net packed, with the exception of Appeal No. R65/2755–9440–65 which was appraised at .6689 cents per pound, net packed.

It is further stipulated and agreed that on the various dates of exportation of the within merchandise, such or similar merchandise was freely sold or offered for sale for domestic consumption, packed ready for delivery, in the principal markets of the United States to all purchasers, in the usual wholesale quantities and in the ordinary course of trade, with allowances for duty, cost of transportation and insurance, necessary expenses from the place of shipment to the place of delivery, profits not exceeding 8 per centum and general expenses not exceeding 8 per centum, in accordance with the values set forth on Schedule "C" attached hereto.

It is further stipulated and agreed that said appeals may be submitted for decision on the within stipulation, and on the invoices and entries and other official papers relating to the entries and appraisements covered by these appeals.

Upon the record before the court, I find and hold that United States value, as that value is defined in section 402a (e), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis of value for the acrylic fibers in issue, and that said value as set forth in schedule "C" attached hereto and made a part hereof, is as follows:

1. $0.5692 per pound, net packed, when exported from 7/13/62 through 8/7/62;

2. $0.6156 per pound, net packed, when exported from 8/8/62 through 9/6/62; or

3. $0.6233 per pound, net packed, when exported from 5/15/62 through 7/12/62.

Judgment will be entered accordingly.